## 20294

The STATE, Respondent, v. Frederick C. DAVIS, Appellant.

(229 S. E. (2d) 592)

*Messrs. Lincoln C. Jenkins, Jr.* and *Robert L. Hallman, Jr., of Jenkins, Perry & Pride, Pride,* Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *J. DuPre Miller, Sol.,* of Bennettsville, *and John D. McInnes, Jr.,* of Dillon, *for Respondent,*

October 21, 1976.

GREGORY, Justice:

Appellant, Frederick C. Davis, was convicted of murder in the commission of armed robbery and sentenced to death under Section 16-52 of the 1962 Code of Laws, as amended. He appeals, alleging errors in the admission of an in-court identification allegedly tainted by an out-of-court, illegal identification; refusal to declare a mistrial; and refusal to direct a verdict. He also appeals the constitutionality of the death penalty. We affirm the conviction, reverse and vacate the mandatory death penalty and remand for resentencing.

Appellant assigns prejudicial error in permitting State's witness, George Clark, to make an in-court identification of appellant alleging it was tainted by an allegedly unconstitutional pre-trial identification. Appellant bases his allegations of unconstitutionality on the fact that he had no counsel present to represent him during the pre-trial identification and cites *United States v. Wade*, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149 (1967) ; and *Gilbert v. California*, 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178 (1967), in support of this contention.

At trial, Clark made an in-court identification as well as relating his identification of appellant in a one man show-up at the Latta jail. No objection was made to either identification and no separate determination was made concerning the independent character of the in-court identification.

We have held in numerous decisions that if objections are not interposed to the introduction of evidence during the trial of a case, such questions cannot be raised for the first time on appeal. *State v. Laster,* 261 S. C. 521, 201 S. E. (2d) 241 (1973).[1]

Appellant next alleges the trial judge erred in refusing to declare a mistrial when a State witness used the term "murdered" in describing what he had seen on the highway.

Jeffery Lee Evans, a witness for the State, testified that he observed a taxi cab parked upon the side of Highway No. 34 and that he saw two men on the right side of the car; one holding the other whose feet were still in the car. He also testified that he then saw smoke coming from the taxi's windows and that the other man got into the driver's side of the taxi cab after he had pulled the other man from the taxi. Evans drove about one mile and met Deputy Sheriff Horne, whom he stopped for help. He testified that he told Deputy Horne "there's just been a murder down the road." The trial judge sustained appellant's objection to this testimony and instructed the jury to disregard it. Counsel then moved for a mistrial which motion was refused.

Motions for mistrial are addressed to the sound discretion of the trial judge which will not be disturbed upon appeal in the absence of a showing of abuse thereof. *State v. Lake,* 257 S. C. 407, 186 S. E. (2d) 256, 257 (1972). There was no error in the denial of the instant motion for mistrial.

---

[1] Davis is not entitled to the doctrine of *in favorem vitae* in light of our subsequent ruling on the constitutionality of his sentence. *State v. Bellue,* 259 S. C. 487, 193 S. E. (2d) 121 (1972).

Appellant next alleges error in admitting into evidence an inculpatory statement on the grounds that he was not given his *Miranda* rights; that the statement was composed by a SLED agent; that he was forced to take a lie detector test; and that his signature was forced.

A hearing on the voluntariness of the statement and compliance with *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), was held out of the presence of the jury in compliance with *Jackson v. Denno, supra; State v. Bellue,* 259 S. C. 487, 193 S. E. (2d) 121 (1972). The arresting officer, Taylor, testified that he was a good friend of appellant's family and that he offered to call an attorney for appellant shortly after arrest, but appellant declined. He further testified appellant requested to be taken to SLED Headquarters in Columbia for a polygraph test. [2]

Appellant testified that he did not request the polygraph test and that he did not voluntarily go to SLED Headquarters. He testified that the officers slapped and pushed him down on the jail floor when he refused to go to Columbia and threatened to shoot him as an escapee if he didn't go through with the polygraph test. He denied that he was ever given his *Miranda* warnings and stated that his signature on the statement was involuntary.

The evidence relative to voluntariness of a confession is often in sharp conflict. The trial judge must make the initial determination of its admissibility. He independently found that appellant was given his *Miranda* rights and that the statement was voluntary. In admitting it into evidence, he instructed the jury as to its responsibility to determine whether it was in compliance with *Miranda* and voluntarily given. The instruction was repeated in the charge. We find no error.

Appellant next contends that, absent the confession, (referred to as "statement" heretofore) the evidence does not sustain a finding of murder committed dur-

---

[2] No objection to the introduction of evidence regarding the polygraph test appears in the record.

ing an armed robbery and thus, the judge erred in denying his motions to direct a verdict, to set the guilty verdict aside, and to grant a new trial. Appellant's exception, predicated on the exclusion of the confession necessarily fails with our decision affirming its admissibility into evidence. In the statement, or confession, appellant admitted shooting the deceased, although allegedly in self-defense.

Appellant further contends that the evidence does not sustain a finding of murder during the commission of an armed robbery in that no robbery was proven. The record compels an inference that the deceased's taxi was stolen by the one who shot and killed him.

Lastly, appellant appeals his sentence of death as being in violation of the Eighth Amendment of the United States Constitution, applied to the States through the Fourteenth Amendment. Appellant's conviction of murder and sentence to death pursuant to Section 16-52 (1) (e) of the 1962 Code as amended took place at the March, 1975 term of the Court of General Sessions for Dillon County. Our recent decision of *State v. Rumsey,* S. C. 226 S. E. (2d) 894 (1976), is controlling.

Accordingly, we affirm the judgment of conviction of Davis and remand only for resentencing in accordance with our holding in *Rumsey.*

Affirmed and Remanded.

LEWIS, C. J., LITTLEJOHN and NESS, JJ., and JOHN GRIMBALL, Acting Associate Justice, concur.