20448

The STATE, Respondent, v. James Richard McGEE, Appellant.
(235 S. E. (2d) 715)

*Pinckney H. Walker, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Capers G. Barr, III, Sol.,* of Charleston, *for Respondent,*

June 8, 1977.

LEWIS, Chief Justice:

Appellant was tried under an indictment charging rape, burglary, and kidnapping. The trial judge directed a verdict of not guilty on the charge of kidnapping and submitted the question of appellant's guilt of rape and burglary to the jury which returned a verdict of guilty on both charges. Appellant was sentenced to serve concurrent sentences of 30 years on each offense.

In submitting the issues to the jury, the trial judge refused appellant's request that the jury be instructed as to the punishment "or possible penalties" for the offenses charged; and permitted only verdicts of guilty or not guilty on each. The refusal of the foregoing request forms the sole ground of this appeal, appellant contending that he was entitled to have the jury instructed as to the punishment provided for each offense.

The punishment for rape is imprisonment for a term not exceeding forty years or less than five years in the discretion of the presiding judge. Section 16-72, 1962 Code of Laws, as amended. Burglary carries a sentence of life imprisonment unless the jury recommends mercy, whereupon the punishment shall be reduced to a term of not less than five years. Section 16-331, 1962 Code of Laws.

As a general rule, where the right to fix the punishment is exclusively within the province of the court, it is not error to refuse an instruction with regard to punishment, since information as to the penalty is of no aid to the jury in determining whether the defendant committed the crime charged. However, where the right to fix the punishment or make a recommendation with regard to punishment rests with the jury, it is error for the court to refuse to instruct the jury in that respect. 40 Am. Jur. (2d), Homicide, Section 513; 23A C. J. S. Criminal Law §§ 1290b, 1291.

Therefore, since the jury had nothing to do with the punishment for rape, the trial judge properly refused to instruct the jury with regard to the penalty for such crime.

However, whether a jury recommended mercy for a defendant found guilty of burglary would determine if his sentence would be life imprisonment or a lesser term of years. It was, therefore, error for the trial judge to refuse to instruct as to the penalty for the crime of burglary and permit the jury to determine, as the statute requires, whether to recommend mercy. Since the jury was not given the opportunity to recommend mercy and a sentence of less than life imprisonment is illegal in the absence of such recommendation, the conviction and sentence for burglary must be set aside.

The failure to allow the jury to determine whether to recommend mercy cannot be regarded as harmless error. As stated in *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273: "Under this statute, the recommendation of the jury is an important part of the verdict. The jury is required to not only determine the guilt of the accused but under this statute is permitted to some extent to pass upon the turpitude of the crime."

While burglary is a serious crime, as observed in *Kimbrough,* it "has its grades of aggravation and enormity." To some extent the degree of the crime is indicated by whether the jury recommends mercy and, in certain respects, is a limitation upon the extent of the prison term that may be imposed that is, the term of imprisonment, where the jury recommends mercy, must be less than life. *State v. Kimbrough, supra.* The probability of prejudice from the failure of the trial judge to instruct the jury as to the penalty for burglary is such as to require reversal.

Accordingly, the judgment and sentence for rape is affirmed, but reversed and remanded for a new trial on the charge of burglary.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.