## 20760

The STATE, Respondent, v. Wilford BROOKS, Appellant.

(247 S. E. (2d) 436)

H. F. Partee, Greenville, for appellant.

Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, and Staff Atty. Kay G. Crowe, Columbia, and Sol. William W. Wilkins, Jr., Greenville, for respondent.

September 11, 1978.

GREGORY, Justice:

Appellant Wilford Brooks was convicted of murder, armed robbery and criminal conspiracy and was sentenced to life imprisonment for murder, twenty-one (21) years for armed robbery and five (5) years for criminal conspiracy. The issues on appeal are the trial judge's refusal to grant appellant's motion for a continuance, and the trial judge's charge to the jury regarding appellant's parole eligibility. We hold the lower court erred by charging the jury in regard to appellant's parole eligibility and reverse.

On the morning of December 31, 1975, Mr. Freddy Taylor was found shot to death in the backyard of a doctor's office in Greenville. As a result of police investigations appellant Wilford Brooks and three others, Furman Kinard, Billy Fowler, and Tim Anderson, were arrested and indicted for murder, armed robbery, and criminal conspiracy. Kinard and Fowler plead guilty to criminal conspiracy and accessory after the fact of murder and armed robbery and were not prosecuted for either murder or armed robbery. Both appellant and Anderson plead not guilty to all charges.

Kinard's guilty plea was taken shortly before appellant's trial in front of the jury venire from which appellant's jury was drawn. During the taking of the guilty plea the solicitor stated he would inform the trial judge if Kinard cooperated with the State during appellant's subsequent trial. Appellant moved for a continuance contending the solicitor's comment to the trial judge improperly bolstered Kinard's credibility in the eyes of the jury. The motion for a continuance was denied. Kinard later testified for the State at appellant's trial.

The law is well settled that a motion for a continuance is addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed by this Court absent a showing of abuse of discretion. *State v. Bradley,* 263 S. C. 223, 209 S. E. (2d) 435 (1974).

The taking of Kinard's guilty plea and the comment by the solicitor to the trial judge were not transcribed and made a part of the transcript of record. There is reported in the transcript, however, the following statement made by the solicitor in opposition to appellant's motion for a continuance.

Solicitor Wilkins: . . . The only statement I did make regarding this man's testimony was a true statement which I felt the Court had to have before it could properly accept the plea and that is that the State brings the Court's attention to the cooperation of that defendant who just pled guilty if he testified truthfully to the facts as he knew them, and that is the truth.

The essence of appellant's objection to this comment is that it bolstered Kinard's credibility, but this has not been demonstrated in the record by *voir dire* examination of the prospective jurors or otherwise. No other prejudice to appellant is alleged to have resulted from the comment. As we stated in *State v. Bradley, supra:*

Suffice it to say that the showing made in support of the motion fell far short of justifying a holding that its refusal was an abuse of judicial discretion. 209 S. E. (2d) at 436.

Appellant next contends the trial judge erred by refusing to order a mistrial after giving the following jury charge: THE COURT: Under the present law in the event you're convinced beyond a reasonable doubt of this defendant's guilt as to the murder charge and you return a verdict of guilty he will be sentenced to life imprisonment. Under the present applicable rules and regulations of the South Carolina Probation and Pardon and Parole Board *he would be*

*eligible for release or parole after he has served ten (10) years of that life sentence.*

In the event you find there was no malice and find that the State did not prove malice beyond a reasonable doubt as defined to you, you may then consider whether or not he is guilty or not guilty of manslaughter. If you take the view of the case that he is guilty of manslaughter and you so return a verdict the Court in its discretion may sentence this defendant up to and including a term of thirty (30) years. In that event should the Court determine to impose such a sentence, under the current rules and regulations of the South Carolina Probation Pardon and Parole Board *he would be eligible for parole after he served one-third of that term or ten years.*

I will charge you that under the current procedures and the rules and regulations and policies of the South Carolina Probation, Pardon and Parole Board that any defendant is eligible for parole after he serves one-third of any sentence.

I will charge you that the difference in eligibility dates in a life sentence a defendant is eligible for parole after he has served ten years. If a defendant is sentenced to serve a period of twenty-five years he is eligible for parole after he serves a period of one-third of that sentence, which is hastily calculated as eight years and four months, *a difference of twenty months in a life sentence.*

I tell you that, Mr. Foreman and ladies and gentlemen, because that's the way it is and you're entitled to know it in making your deliberations. (Emphasis added.)

At the close of the judge's charge appellant objected and moved for a mistrial. That motion was denied. Appellant argues on appeal that the judge's charge gave the jury the impression there is no practical distinction between the penalties for murder and manslaughter.

> The function of the jury is to determine whether a defendant is guilty or not guilty. The rule in this State is that ordinarily the jury is not concerned with

the punishment fixed by law, nor with the discretion of the court in deciding upon the sentence. *State v. Pulley,* 216 S. C. 552, 59 S. E. (2d) 155 (1950). In *State v. McGee,* 268 S. C. 618, 235 S. E. (2d) 715 (1977) we stated:

As a general rule, where the right to fix the punishment is exclusively within the province of the court, it is not error to refuse an instruction with regard to punishment, since information as to the penalty is of no aid to the jury in determining whether the defendant committed the crime charged. However, where the right to fix the punishment or make a recommendation with regard to punishment rests with the jury, it is error for the court to refuse to instruct the jury in that respect. 40 Am. Jr. (2d), Homicide, Section 513: 23A C. J. S. Criminal Law §§ 1290b, 1291. 235 S. E. (2d) at 716.

The rule that the jury ordinarily is not concerned with punishment has been applied to jury instructions explaining the commitment proceedings that would be initiated if a defendant were found not guilty by reason of insanity. *State v. Huitt,* .... S. C. ...., 246 S. E. (2d) 862 (1978); *State v. Valenti,* 265 S. C. 380, 218 S. E. (2d) 726 (1975).

In like manner, the courts of other states that have considered the question are in near unanimous agreement that ordinarily it is improper to instruct the jury as to an accused's parole eligibility. The only issue typically presented in those cases is whether the improper parole instruction constituted reversible error. See: 12 A. L. R. (3d) 832.

We are of the view appellant was entitled to have his guilt or innocence determined without regard to his eligibility for parole. A jury should be neither invited nor permitted to speculate upon the possible effects of parole upon a conviction. *State v. Pulley, supra; State v. Atkinson,* 253 S. C. 531, 172 S. E. (2d) 111 (1970); 12 A. L. R. (2d) 832.

We agree with appellant that the trial judge's charge left the jury with the impression there is no real distinction between the penalties for murder and man-

slaughter. This impression is false and operated to appellant's disadvantage when the jury returned a verdict of guilty of murder. Misled by the false presumption that the jury was "entitled to know it," the trial judge so framed his parole eligibility instruction that appellant's right to a fair trial was prejudiced.

The trial judge abused his discretion by denying appellant's motion for a mistrial. *State v. Davis,* 267 S. C. 456, 229 S. E. (2d) 592 (1976).

Accordingly, appellant's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.