22427

Alvin WATSON, Jr., Appellant, v. STATE of South Carolina, Respondent.

(338 S. E. (2d) 636)

Supreme Court

*Joseph L. Savitz, III, Asst. Appellate Defender,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Chief Deputy Atty. Gen.,* and *William A. Ready, III, Asst. Atty. Gen.,* Columbia, *for respondent.*

Submitted Nov. 20, 1985.

Decided Dec. 16, 1985.

HARWELL, Justice:

Petitioner pled guilty to burglary and first degree criminal sexual conduct. He was sentenced to life imprisonment for burglary and thirty years for criminal sexual conduct.

No direct appeal was taken. After a hearing, petitioner's application for post-conviction relief was denied. We granted petitioner's Petition for Certiorari. We reverse the post-conviction order, vacate petitioner's burglary sentence, and remand for resentencing pursuant to this decision.

Petitioner contends that he did not receive effective assistance of counsel. He bases this claim on his attorney's failure to inform him that a jury could be impaneled to determine the propriety of a recommendation of mercy on the burglary charge. Pursuant to S. C. Code Ann. § 16-11-310 (1976), a mandatory life sentence for burglary is required unless the jury recommends mercy.[1] If the jury recommends, the punishment may be reduced to imprisonment for not less than five years.

Clearly the right to have a jury impaneled to consider a recommendation of mercy can be waived. Before a right can be knowingly and intelligently waived, however, the defendant first must be informed of it. Petitioner should have been informed that, after the judge accepted his guilty plea, he had the right to have a jury impaneled to determine whether or not mercy should be recommended. *See State v. Lambert*, 266 S. C. 574, 225 S. E. (2d) 340 (1976). He then could have exercised this right or knowingly and intelligently waived it.

Petitioner's attorney never requested that a jury be impaneled. At the post-conviction hearing, petitioner testified that he was never informed that he could have a jury impaneled to consider a recommendation of mercy, nor that a recommendation of mercy could result in a lesser sentence. His attorney testified that he did not request the impaneling of a jury because he did not believe that petitioner was entitled to have this done.

The test for effective assistance of counsel is whether the representation was within the range of competence demanded of attorneys in criminal cases. *Marzullo v. Maryland*, 561 F. (2d) 540 (4th Cir. 1977); *see Hyman v. State*, 278 S. C. 501, 299 S. E. (2d) 330 (1983). The standard is whether counsel's assistance was reasonably effective

---

[1] S. C. Code Ann. § 16-11-310 (1976) has been amended pursuant to Act No. 159, 1985 S. C. Acts 603.

358

considering all of the circumstances, viewed as of the time of counsel's conduct. *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984).

Under the facts and circumstances of the present case, counsel's failure to inform his client of his right to request the impaneling of a jury constitutes ineffective assistance. Accordingly, the order denying post-conviction relief is reversed and the burglary sentence is vacated. The case is remanded so that petitioner can be sentenced on the burglary conviction after being fully informed of his right to have a jury impaneled to consider a recommendation of mercy.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.