23339

Johnny CHUBB, Petitioner v. STATE of South Carolina, Respondent.
(401 S.E. (2d) 159)

Supreme Court

*Assistant Appellate Defender, Robert M. Pachak, Tara Dawn Shurling* and *Robert M. Dudek,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Marshall Prince,* Columbia, *for respondent.*

Submitted Sept. 26, 1990.

Decided Feb. 4, 1991.

TOAL, Justice:

Petitioner was convicted of burglary and sentenced to life imprisonment in 1982. On direct appeal his conviction was affirmed pursuant to Supreme Court Rule 23. This appeal is from the subsequent denial of post-conviction relief (PCR). We reverse and remand for a new trial.

Petitioner was indicted for burglary under S.C. Code Ann. § 16-11-310 (1976)[1] which mandated life imprisonment unless the jury recommended mercy. After the trial judge submitted the case to the jury, trial counsel realized for the first time the trial would not be a bifurcated proceeding. Because of her erroneous expectation that a separate sentencing proceeding would be held, she failed to present evidence in mitigation or argue for mercy on petitioner's behalf. *See State v. Bennett,* 256 S.C. 234, 182 S.E. (2d) 291 (1971) (bifurcated proceeding not required in noncapital case). The jury returned a verdict of guilty with no recommendation of mercy.

Petitioner sought PCR claiming he was prejudiced by counsel's deficient performance. The PCR judge found no preju-

---

[1] This statute was amended in 1985.

dice and denied relief. *See Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984).

A recommendation of mercy rests entirely in the discretion of the jury and may be exercised independently of whether the evidence warrants it. *State v. Chasteen,* 228 S.C. 88, 88 S.E. (2d) 880 (1955). In this case, the trial judge informed the jury only that petitioner would receive a life sentence "unless you, the members of the jury, by a special verdict recommend him to the mercy of the court." This charge, though not erroneous absent a request for further instruction, did not remedy counsel's total failure to argue for mercy. *Cf. State v. Worthy,* 239 S.C. 449, 123 S.E. (2d) 835 (1962) (if requested, the trial judge must charge that a recommendation of mercy may be given for any reason at all). On the facts presented here, we find petitioner was prejudiced in sentencing by counsel's deficient performance. *Cf. State v. McGee,* 268 S.C. 618, 235 S.E. (2d) 715 (1977) (probability of prejudice from failure to allow jury to determine whether to recommend mercy).

In *Watson v. State,* 287 S.C. 356, 338 S.E. (2d) 636 (1985), this Court remanded for a sentencing proceeding where a defendant pleaded guilty to burglary under former § 16-11-310 and was not informed he had a right to have a jury determine whether to recommend mercy. Here, petitioner did not plead guilty, but rather a jury determined his guilt. As noted above, a bifurcated proceeding is not required in a non-capital case. Therefore, the determination of guilty and whether mercy should be recommended should be made in one proceeding by the same jury. We have found that petitioner's counsel was ineffective for failing to argue for mercy to the jury which determined petitioner's guilt. To remand for a sentencing proceeding only would be inconsistent with our finding that the determination of guilt and mercy recommendation should be made in one proceeding. Therefore, we find that petitioner is entitled to a new trial.

Reversed and remanded for a new trial.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., concurs in part and dissents in part in separate opinion.

GREGORY, Chief Justice, concurring in part, dissenting in part:

While I concur in the majority's conclusion that petitioner is entitled to PCR, I disagree with the extent of the relief granted. While there is no requirement under *State v. Bennett*, 256 S.C. 234, 182 S.E. (2d) 291 (1971), that a bifurcated proceeding be held, we have never held it is *improper* to allow one. Petitioner would suffer no prejudice by having a separate jury determine his sentence since the issue of mercy goes only to the sentencing determination and not to guilt or innocence. A bifurcated proceeding is precisely what petitioner requested at trial. The fatal defect in counsel's performance was not in requesting such a proceeding but in failing to argue for mercy based on her erroneous assumption that a bifurcated trial would be held. I would follow *Watson v. State*, 287 S.C. 356, 338 S.E. (2d) 636 (1985), and hold petitioner is entitled to a resentencing proceeding only.