24093

STATE of South Carolina, Respondent v. Gary Allen RIMERT, Appellant.

(446 S.E. (2d) 400)

Supreme Court

*David I. Bruck,* Columbia and *David G. Belser,* Asheville, NC, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Senior Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Alexandria Broughton Skinner,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard Apr. 5, 1994.

Decided June 13, 1994; Reh. Den. July 28, 1994.

MOORE, Justice:

Appellant was found guilty but mentally ill (GBMI) on four counts of murder and sentenced to four concurrent life sentences. We affirm.

## FACTS

In June 1990 appellant was hospitalized and diagnosed as a paranoid schizophrenic in Indiana where he lived with his parents. On July 11, 1990, he was released from the hospital in Indiana although he was actively hallucinating. He left his medication in Indiana and drove all night to his grandparent's house near Rock Hill. Shortly after arriving at his grandparent's house, appellant killed his grandparents and their neighbors by stabbing them with a kitchen knife. Appellant pled not guilty by reason of insanity (NGBRI).

## ISSUES

1) Did the trial judge err in denying appellant's motion for a directed verdict?
2) Did the trial judge err in denying appellant's motion to charge the jury on the disposition of defendants found NGBRI and those found GBMI?
3) Did the trial judge err in submitting possible verdicts of guilty and GBMI?

## DISCUSSION

1) Directed Verdict Motion

Appellant moved for a directed verdict of NGBRI on the ground the evidence did not support a finding of sanity. The trial judge held there was some evidence of sanity. Appellant citing *State v. Milian-Hernandez*, 287 S.C. 183, 336 S.E. (2d) 476 (1985), argues the trial judge should have granted a directed verdict because the State did not present sufficient evidence that appellant was sane. We disagree.

In *Hernandez*, the State relied on the presumption of sanity and the permissible inference of flight as evidence of sanity. We found the presumption of sanity itself does not create a jury issue and the circumstances of Hernandez's flight negated the permissible inference of flight. We then concluded the State had not presented any evidence of sanity.

Here, there was testimony from an officer who arrived on the crime scene shortly after the murders that appellant knew he had done something wrong. Further, the State presented other evidence of sanity, including that appellant washed off the knife and questioned how he could "get out of this." There

was sufficient evidence of appellant's sanity and the trial court did not err in denying his motion for a directed verdict. *State v. Poindexter*, — S.C. —, 431 S.E. (2d) 254 (1993); *State v. Prince*, Op. No. 23965, — S.C. —, — S.E. (2d) — (S.C. Sup. Ct. filed December 13, 1993) (Davis Adv. Sh. No. 30 at 8).

### 2) Jury Charge on Effect of GBMI and Guilty Verdicts

Appellant argues the trial judge should have instructed the jury on the effect of GBMI and NGBRI verdicts. Appellant argues that for all practical purposes guilty and GBMI verdicts are the same and the jury should have been informed of this fact and further informed that a verdict of NGBRI would have led to appellant's hospitalization until a court order released him. Appellant contends these instructions were necessary because during closing argument the solicitor misled the jury by stating appellant would be "dealt with by people who deal with people who are mentally ill."

The trial court ruled that even though appellant did not make a contemporaneous objection to the solicitor's closing argument, he would give the jury a curative instruction that sentencing was of no concern to them. *State v. Huiett*, 271 S.C. 205, 246 S.E. (2d) 862 (1978) (instruction on post-verdict dispositions is proper to cure a misstatement of law). Appellant refused this charge. Appellant argues the offered instruction was not curative and instructions on the effects of the verdicts were the only instructions which could have cured the solicitor's comments. We disagree.

This issue was also addressed in *Poindexter, supra*. In *Poindexter* we held the consequences of a conviction do not aid the jury in their function which is to determine whether the defendant committed the offense. Therefore, this argument is without merit.

### 3) Submission of guilty and GBMI verdict forms

The trial judge submitted the following verdicts to the jury: guilty, not guilty, NGBRI, and GBMI. Appellant argues the trial judge erred in submitting the verdict form of guilty. Appellant's argues there was no evidence to support a guilty verdict and submission of it violated his due process rights and prejudiced him because it led to a compromise verdict of GBMI.

S.C. Code Ann. § 17-24-30 (Supp. 1993) provides:

> In a prosecution for a crime when the affirmative defense of insanity is raised sufficiently by the defendant, or when sufficient evidence of a mental disease or defect of the defendant is admitted into evidence, the trier of fact shall find under the applicable law, and the verdict *must* so state, whether the defendant is:
> (1) guilty;
> (2) not guilty;
> (3) not guilty by reason of insanity; or
> (4) guilty but mentally ill.

(Emphasis added.) We hold this section requires the submission of all four of these verdict forms. *State v. Wilson*, 306 S.C. 498, 413 S.E. (2d) 19 (1992) ("must" is mandatory). Additionally, there was evidence appellant was legally sane and, therefore, the jury could have found him guilty.

Appellant then argues he could waive the GBMI verdict form because there is no practical difference between guilty and GBMI and by submitting all of the verdict forms, the jury reached a compromise verdict of GBMI.[1] Since we hold all four verdict forms in § 17-24-30 must be submitted, appellant cannot waive a GBMI verdict form once he has raised the issue of sanity. *See People v. Ritsema*, 105 Mich. App. 602, 307 N.W. (2d) 380 (1981) (GBMI verdict must be submitted because statute mandates it and it cannot be waived by defendant). Therefore, this argument is also without merit.

Affirmed.

CHANDLER, Acting C.J., TOAL, J., and WILLIAM H. BALLENGER, Acting Associate Justice, concur.

FINNEY, J., dissents in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. In my opinion, appellant was entitled to a directed verdict of not guilty by reason of insanity (NGBRI).

---

[1] On appeal, appellant seems to be attacking the constitutionality of the GBMI verdict itself. This issue was not raised nor ruled on below and is therefore barred. *State v. Williams*, 303 S.C. 410, 401 S.E. (2d) 168 (1991).

A defendant is NGBRI if, *at the time of the commission of the act,* he, as the result of mental disease or defect, lacks the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong. S.C. Code Ann. § 17-24-10(A) (Supp. 1993). Here, the majority relies on three pieces of evidence which allegedly negate appellant's showing of insanity: (1) a police officer's testimony that, shortly after the killings, appellant looked like he knew he had done something wrong; (2) the finding of a knife which appellant could have washed, which could have been used to stab the victims; and (3) appellant's question, hours after the deaths, as he was being read the warrants, how he "could get out of this." Viewed in context, none of this evidence is sufficient to present a jury issue on appellant's sanity. *Compare State v. Milian-Hernandez,* 287 S.C. 183, 336 S.E. (2d) 476 (1985) (apparent evidence of sanity not inconsistent with appellant's insanity defense).