THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Raymond Robert Berggrum,       
Appellant.
 
 
 

Appeal From Pickens County
Henry F. Floyd, Circuit Court Judge

Unpublished Opinion No. 2004-UP-218
Submitted February 9, 2004  Filed March 
 30, 2004

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda P. Hagler, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor 
 Robert M. Ariail, of Greenville, for Respondent.
 
 
 

BEATTY, J.:  Raymond Robert Berggrum was 
 convicted of second-degree burglary and sentenced to ten years imprisonment.  
 Berggrum appeals, arguing the trial judge erred in denying his motion for a 
 directed verdict.  We affirm.
FACTS
Officer Steve Stewart responded to a 
 call that a liquor store had been burglarized in the middle of the night.  When 
 Stewart arrived, he discovered glass on the inside of the door, blood on the 
 door, and two broken bottles of Wild Turkey.  A second officer, Greg Turner, 
 arrived at the scene and noted a Wild Turkey cup  similar to the ones in the 
 liquor stores display  was on the ground outside the store and had blood on 
 it.    
After canvassing the area around the store, Stewart 
 and Turner went to the Days Inn hotel across the street from the store.  They 
 questioned the hotels night clerk to see if he had noticed anything suspicious.  
 After speaking with the clerk, the officers went to Room 109, where they noticed 
 blood on the outside of the door.  Berggrum answered the door and allowed the 
 officers to enter.  After the officers noticed a bottle of Wild Turkey on the 
 floor, they obtained consent to search the rest of the room.  The officers subsequently 
 found a second bottle of Wild Turkey and another Wild Turkey cup. [1]   They also noticed that Berggrum had two fresh 
 scratches on his arm and there was blood on the bedding.  
Berggrum gave a statement to Stewart and Turner 
 after he was advised of his Miranda 
 [2] rights.  The statement contained three different versions of events.  
 Initially, Berggrum stated two men came to his hotel room and gave him two bottles 
 of Wild Turkey, after which they pointed a gun to his head and told him he owed 
 them $2000.  Then Berggrum stated the liquor store owner gave him the liquor 
 with the understanding that he would pay later.  Finally, Berggrum said he bought 
 the liquor.
At the close of the States case, defense counsel 
 moved for a directed verdict, arguing there was no substantial circumstantial 
 evidence from which a jury may fairly and logically find or render a verdict.  
 The trial judge denied the motion, and Berggrum was subsequently found guilty 
 of second-degree burglary.  However, after rendering the verdict, the jury foreman 
 stated, [w]e were very dissatisfied with the evidence even though we did return 
 with a guilty verdict.  We would let it be known.  Based in large part upon 
 the foremans comment, Berggrum moved for a new trial, which was denied.  
LAW/ANALYSIS
Berggrum argues the trial judge erred 
 in denying his motions for directed verdict and a new trial because there was 
 insufficient evidence of guilt.  We do not agree.
On a motion for a directed verdict 
 in a criminal case, the trial court is concerned with the existence or non-existence 
 of evidence, not its weight.  State v. Morgan, 282 S.C. 409, 411, 319 
 S.E.2d 335, 336 (1984).  In reviewing a refusal to grant a directed verdict, 
 the appellate court must view the evidence in the light most favorable to the 
 State and determine whether there is any direct or substantial circumstantial 
 evidence that reasonably tends to prove the defendant's guilt or from which 
 his guilt may be logically deduced.  State v. Pinckney, 339 S.C. 346, 
 349, 529 S.E.2d 526, 527 (2000).   If the State presents any evidence which 
 reasonably tends to prove the defendants guilt, or from which the defendants 
 guilt could be fairly and logically deduced, the case must go to the jury.  
 State v. Poindexter, 314 S.C. 490, 493, 431 S.E.2d 254, 255-56 (1993).
At trial, the State presented substantial 
 circumstantial evidence to support the guilty verdict.  Berggrums hotel room 
 was located across the street from the burglarized liquor store.  Four bottles 
 of Wild Turkey were stolen from the liquor store and police found a total of 
 four bottles of Wild Turkey between the liquor store and Berggrums hotel room.  
 Police also found a Wild Turkey promotional cup  similar to those in the Wild 
 Turkey display at the liquor store  in Berggrums hotel room.  Further, there 
 was blood at the liquor store, blood on Berggrums hotel room door, blood on 
 his hotel bedding, and two fresh scratches on his arm.  In addition to this 
 circumstantial evidence, Officer Turner testified as to the statement Berggrum 
 made after his arrest.  After Berggrum was read his Miranda rights, he 
 gave three conflicting statements to police about how he came to have two bottles 
 of Wild Turkey and a Wild Turkey cup in his hotel room.  Viewing the States 
 evidence as a whole, we find the State presented substantial circumstantial 
 evidence of Berggrums guilt.  
CONCLUSION
We find the trial judge did not err in denying 
 Berggrums motion for a directed verdict and submitting the case to the jury.  
 See, e.g., State v. McGowan, 347 S.C. 618, 622, 557 S.E.2d 
 657, 659 (2001) (holding that if there is any direct evidence or any substantial 
 circumstantial evidence reasonably tending to prove the guilt of the accused, 
 this court must find the case was properly submitted to the jury).  Accordingly, 
 Berggrums conviction and sentence are
AFFIRMED.
HEARN, C.J.,  and ANDERSON, J., concur.

 
 
 [1] The liquor storeowner subsequently verified that four bottles of 
 Wild Turkey were missing from the store. 

 
 
 [2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 
 2d 694 (1966).