THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Latoya D. Deveaux,       
 Appellant.
 
 
 

Appeal From Abbeville County
James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No.
2005-UP-487
Submitted August 1, 2005  Filed August 16, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender
 Robert M. Dudek, Office of Appellate Defense, of Columbia,
 for Appellant.
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant
 Attorney General Harold M. Coombs, Jr., Office of the Attorney General,
 of Columbia; and Solicitor Jerry W. Peace, of Greenwood,  for
 Respondent.
 
 
 

PER CURIAM:  Latoya
Deveaux was indicted for contributing to the delinquency of a minor and
committing or attempting to commit a lewd act upon a child under the age of
sixteen.  The State dropped the lewd act charged prior to trial. 
Deveaux was tried before a judge on the contributing to the delinquency of a
minor charge.  The trial court found Deveaux knowingly and wilfully
encouraged, aided, and influenced Heather Barnes to become incorrigible and
ungovernable or habitually disobedient beyond the control of her parents. 
In addition, the trial court found Deveaux knowingly and wilfully encouraged,
aided, and influenced Barnes to deport herself so as to endanger her
morals.  Accordingly, the trial court found Deveaux guilty.  We
affirm.
1.      
We find no error in the trial courts refusal to quash the indictment on the
basis of selective prosecution. In order for a defendant to establish a claim
for selective prosecution the defendant must show: (1) He or she was singled out
for prosecution, while others similarly situated were not prosecuted and (2) The
governments selective prosecution was based upon an impermissible ground such
as race, religion, or exercise of the defendants first amendment right to
free speech.  State v. 192 Coin-Operated Video Game Mach., 338
S.C. 176, 200, 525 S.E.2d 872, 885 (2000) (quoting United States v. Catlett,
584 F.2d 864, 866 (8th Cir. 1978)).  Deveaux failed to present evidence at
trial that she was singled out for prosecution. 
2.      
We find no error in the trial courts denial of Deveauxs request for a
directed verdict and for a new trial.  Where there is any evidence
tending to prove the guilt of the accused, or from which his guilt may be fairly
and logically deduced, the refusal to direct a verdict or grant a new trial is
not error.  State v. Poindexter, 314 S.C. 490,
493, 431 S.E.2d 254, 255-56 (1993).  Deveaux was eighteen years of age when
she became involved with Barnes, who was fourteen.  Deveaux does not
dispute she left school during school hours with Barnes.  In addition, the
State presented the testimony of Barnes and her parents in which they stated
Barnes became disobedient toward her parents as a result of her relationship
with Deveaux. 
AFFIRMED.
ANDERSON, HUFF, and WILLIAMS, JJ.,
concur.