**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Broadnax, Appellant.

Appellate Case No. 2010-166606

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-258
Submitted May 2, 2016 – Filed June 8, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General John Benjamin Aplin, all of Columbia, for Respondent.

**PER CURIAM:** Christopher Broadnax appeals his convictions for armed robbery and four counts of kidnapping, arguing the trial court erred in: (1) denying his

motion to withdraw the life without parole (LWOP) notice due to the arbitrary use of the solicitor's discretion in the plea bargaining process; (2) denying his motion to withdraw LWOP on the basis that there is no standard to guide solicitors on when they should seek an LWOP sentence; and (3) denying his motion that the jury be informed he was facing the mandatory sentence of LWOP.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Const. art. I, §3 ("No person shall be deprived of life, liberty, or property without due process of law, nor shall any person be denied the equal protection of the laws."); *Sloan v. South Carolina Bd. of Physical Therapy Examiners*, 370 S.C. 452, 483, 636 S.E.2d 598, 614 (2006) ("In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law."); *id.* ("[T]he standard for reviewing all substantive due process challenges to state statutes, including economic and social welfare legislation, is whether the statute bears a reasonable relationship to any legitimate interest of government."); S.C. Code Ann. § 17-25-45(G) (2014) ("The decision to invoke sentencing under this section is in the discretion of the solicitor."); *State v. Williams*, 380 S.C. 336, 348, 669 S.E.2d 640, 647 (Ct. App. 2008) ("[T]he United States Supreme Court has [] held a state is justified in punishing a recidivist more severely than it does a first offender."); *id.* ("Under recidivist sentencing schemes, the enhanced punishment imposed for a present offense is not to be viewed as an additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one."); *State v. Brooks*, 271 S.C. 355, 358-59, 247 S.E.2d 436, 438 (1978) ("The function of the jury is to determine whether a defendant is guilty or not guilty.  The rule in this State is that ordinarily the jury is not concerned with the punishment fixed by law, nor with the discretion of the court in deciding upon the sentence.").

**AFFIRMED.** [1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.