**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Breante Deon Stevens, Appellant.

Appellate Case No. 2022-000019

---

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-179
Submitted May 14, 2025 – Filed June 4, 2025

---

**AFFIRMED**

---

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Breante Deon Stevens appeals his convictions for one count of voluntary manslaughter, one count of assault and battery of a high and aggravated nature (ABHAN), two counts of possession of a weapon during the commission of

a violent crime (weapons offenses), and one count of possession of a firearm by a person convicted of a crime of violence (firearms offense). Stevens also appeals his consecutive sentences of thirty years' imprisonment for voluntary manslaughter and twenty years' imprisonment for ABHAN, and concurrent sentences of five years' imprisonment for each of the two weapons offenses and the firearms offense. On appeal, Stevens argues the trial court erred in denying his motion to bifurcate the firearms offense because evidence of his prior conviction of a crime of violence was probative only of the firearms offense and improperly suggested to the jury that he had a propensity for violence, creating unfair prejudice against his self-defense argument. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in denying Stevens's motion to bifurcate the firearms offense. *See State v. Robinson*, 426 S.C. 579, 591, 828 S.E.2d 203, 209 (2019) ("In criminal cases, appellate courts sit to review errors of law only."); *see also State v. Torres*, 390 S.C. 618, 625, 703 S.E.2d 226, 230 (2010) ("The appellate court reviews a trial [court]'s ruling on admissibility of evidence pursuant to an abuse of discretion standard and gives great deference to the trial court."); *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The conduct of a criminal trial is left largely to the sound discretion of the trial [court], [which] will not be reversed in the absence of a prejudicial abuse of discretion."); *id.* ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law.").

In pretrial proceedings, Stevens moved to bifurcate the firearms offense in order to exclude evidence of his prior conviction of a crime of violence during the first phase of the trial, arguing it was necessary to prevent evidence of his prior conviction from causing a prejudicial effect on the jury's consideration of the other charges and his credibility. However, evidence before the jury regarding the prior conviction was limited to (1) the State's stipulation that "Stevens has been convicted of a crime of violence," and (2) Stevens's testimony that he was aware he "illegal[ly]" possessed a firearm. Therefore, we hold the danger of unfair prejudice from Stevens's prior conviction of a crime of violence did not substantially outweigh its probative value. *See* Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); Rule 611(a), SCRE ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth . . . ."); *State v. Gleaton*, 444 S.C. 394, 409, 906 S.E.2d 630, 637 (Ct. App. 2024) ("Generally, 'a bifurcated proceeding is not required in a non-capital case.'" (quoting *Chubb v. State*, 303 S.C. 395, 397, 401 S.E.2d 159, 161 (1991)));

*id.* at 409-11, 906 S.E.2d at 637-39 (holding the trial court did not err in denying the defendant's motion to bifurcate the charge of possession of a firearm by a person convicted of a crime of violence from additional charges, including murder and arson, in part because the defendant's prior conviction of arson did not carry "inherently prejudicial stigma"; thus, the danger of unfair prejudice did not substantially outweigh the probative value of the defendant's prior conviction (quoting *State v. Cross*, 427 S.C. 465, 478, 832 S.E.2d 281, 288 (2019))); *see also State v. Benton*, 338 S.C. 151, 155-56, 526 S.E.2d 228, 230-31 (2000) (advising, in a first-degree burglary case premised in part upon the defendant's two prior burglary convictions, that a trial court should avoid potential prejudicial effects by limiting the evidence to the fact of the two prior convictions and, upon request, instructing the jury on the limited extent to which it can consider the prior convictions).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.