### STATE v. PHILIPS.

1. INDICTMENT—PLEADINGS—MOTION TO QUASH—DEMURRER.—Whether the words in an indictment charging the stealing of a cow, "the property of A., agent for estate of B.," should be regarded as *descriptio personae* and mere surplusage, or as intending to show that A. had only a qualified right in the animal, should be raised by demurrer or motion to quash.

2. IBID.—IBID.—LARCENY.—In an indictment for larceny of live stock the title to the property may be laid in one who had merely lawful possession.

3. CHARGE stating a rule of evidence does not come within the constitutional inhibition as to charging on the facts.

4. EVIDENCE—CONSPIRACY.—THE DECLARATIONS of a co-conspirator after conspiracy is ended in presence of his co-conspirator, are not binding on the latter unless he assents to them.

Before D. E. HYDRICH, special Judge, Berkeley, Fall term, 1905. Affirmed.

Indictment against Hampton Philips and John Heyward. From sentence, Hampton Philips appeals on the following exceptions:

"1. Because his Honor erred as matter of law, in not granting the defendant, appellant, a new trial, for that the undisputed evidence in the case produced by the State, showed that the property alleged to have been stolen, was not the property of the person in whom ownership was laid in the indictment, but on the contrary was the property of the estate of one Cornelia Bates.

"2. Because his Honor erred in charging the jury with respect to matters of fact, in violation of art. V., sec. 26, Constitution 1895. Whereby and wherein he instructed the jury, that where two parties are charged with crime, as in this case, and where a statement is made by one of such parties in the presence of the other that the jury may consider such statement as evidence against both defendants.

"3. Because his Honor erred in charging the jury, 'In the consideration of the testimony, in this case, you are not to consider against the absent defendant, unless the statement was made in the presence of both parties. If the statement was made in the presence of both parties you can consider it as against both—that is, if Philips said anything about this matter when Heyward was present, then you can consider it as against one or both of them;' the error being, that the Judge clearly indicated to the jury that they could consider such statement, and thus invade the province of the jury, as to what evidence they could consider in a case of this character.

"4. Because his Honor erred in not instructing the jury, that a statement or confession of an accomplice, could not be taken as evidence against any other person than himself; and that his Honor therefore committed error of law, in charging that if Heyward made a statement, in regard to the case, in the presence of Philips, that such statement was binding on Philips, and could be considered by the jury in determining the question of his guilt.

"5. Because his Honor erred in charging the jury, that a statement or confession made by an accomplice in crime, is binding upon any person other than himself; and in this case his Honor mislead the jury by instructing them, that they could take a statement or confession by Heyward, if made in the presence of Philips, as evidence against him.

"6. Because his Honor erred in instructing the jury, that any statement or confession made by Heyward in the presence of Philips, with reference to the larceny of the property, set out in the indictment herein, that such statement would be binding upon Philips and could be received by the jury as evidence in this case; whereas, his Honor should have charged, that any statement made by Heyward could not bind Philips, or be used in evidence against him.

"7. Because his Honor erred in charging the jury with reference to matters of fact, in violation of article V., section 26, Constitution 1895. Wherein he impressed upon the jury, that the reasonable doubt must be a strong, well founded, substantial doubt; and in so charging advised the jury, as to the rule of evidence to be applied in weighing the testimony, as to the reasonable doubt.

"8. Because his Honor erred in charging the jury as follows: 'In the consideration of this testimony, Mr. Foreman and gentlemen, the facts in the case are for you to decide. It is my duty to charge you that the State must make out its case beyond a reasonable doubt—that is, a strong, well founded, substantial doubt, arising from the facts as gathered from the testimony in the case;' the error being, in advising the jury how to weigh the testimony, and in impressing them with the view that the reasonable doubt must be strong and well founded."

*Messrs. Legare & Holman* and *Geo. B. Davis,* for appellant, cite: *The animal belonged to estate of Cornelia Bates and title was in her personal representative, and not in her agent while she lived:* 48 S. C., 263; 10 Rich., 169; 1 Rich., 219. *Judge should not say to jury what they should take*

*as evidence:* 51 S. C., 453; 47 S. C., 489; 49 S. C., 488. *If there be no proof of conspiracy declaration of one conspirator does not bind the other:* 34 S. C., 46.

~ .*Solicitor P. T. Hildebrand,* contra, cites: *Larceny is an offense against the possession of property rather than against the owner:* 1 Bail., 310; 15 Rich., 39; 34 S. C., 59; Crim. Code,. 56; 49 S. C., 2. *One defendant may contradict his co-defendant:* 49 S. C., 414; 48 S. C., 2, 265. *Judge may rule that witness is not examined as an accomplice:* 29 S, C., 113.

February 15, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were found guilty upon an indictment charging them with stealing a cow, the proper goods and chattels of W. J. Bates, agent for the estate of Cornelia Bates. They made a motion for a new trial on the minutes of the Court on two grounds, to wit: "First, that under the evidence in the case, the defendants should not have been convicted, for that the State had failed to make out its case beyond a reasonable doubt. Secondly, that under the undisputed evidence in the case, it appeared that the property alleged to have been stolen, was not the property of W. J. Bates, in whom ownership was laid in the indictment." The motion was refused, and the defendant Hampton Philips appealed upon exceptions which will be set out in the report of the case.

First exception: Section 57 of the Criminal Code provides that "every objection to any indictment for any defect apparent on the face thereof, shall be taken by demurrer or on motion to quash such indictment, before the jury shall be sworn, and not afterwards." The question whether the words "agent for the estate of Cornelia Bates" should be regarded as *descriptio personae* and, therefore, mere surplusage, or as intended to show that W. J. Bates had only a qualified right in the property, and that the

estate of Cornelia Bates was the real owner thereof, should have been raised by demurrer or motion to quash the indictment, before the jury was sworn.

But even if those words had been struck out of the indictment, the testimony tended to show that W. J.
2   Bates had the lawful possession of the property, and such possession was sufficient to sustain the indictment.

W. J. Bates testified as follows: "Did you know Mrs. Cornelia Bates? Yes, I did. She was my mother. What business relation did you hold towards her? I was her agent before her death—that is, the agent for her estate. Did that estate have any cattle? Yes, it did. About last June what happened to those cattle? About the 20th June I was informed that one of them had been driven off the range."

In the case of *State* v. *Addington*, 1 Bailey, 311, it was held that in an indictment for larceny, the property may be laid in one who had merely the lawful possession.

Second and third exceptions: The only error assigned by these exceptions is that the charge was in violation of
3   the provision of the Constitution prohibiting Judges from commenting on the facts. The charge merely stated a rule of evidence and, therefore, does not come within the inhibition of the Constitution.

Fourth, fifth and sixth exceptions: The general rule is that "after the common enterprise is at an end, whether by accomplishment or abandonment, is not material, no one is permitted by any subsequent act or declaration of his
4   own, to affect the others. His confessions, therefore, subsequently made, even though by the plea of guilty, is not admissible in evidence, as such, against any but himself. If it were made in the presence of another and addressed to him, it might in certain circumstances be receivable on the ground of assent or implied admission. In fine, the declarations of a conspirator or accomplice are receivable against his fellows, only when they are either in themselves acts, or accompany and explain acts, for which

the others are responsible; but not when they are in the nature of narratives, descriptions, or subsequent confessions." Greenleaf on Evidence, section 233; *State* v. *James,* 34 S. C., 49, 12 S. E., 657; *State* v. *Brown,* 34 S. C., 41, 12 S. E., 662.

When a defendant makes a declaration in the presence of his co-defendant, such statement is not binding upon the latter unless he assents to it. While the charge without this qualification stated the rule too broadly, the error was not prejudicial, for the reason that the defendant John Heyward (who did not appeal) did not make any declaration in the presence of Hampton Philips, except to deny statements made by his co-defendant. Furthermore, both the defendants went upon the stand as witnesses, and reiterated their former declarations.

Seventh and eighth exceptions: In properly defining a reasonable doubt, it can not be successfully contended that the presiding Judge charged upon the facts.

It is the judgment of this Court, that the appeal be dismissed.