18542

George W. DUKES, Appellant, v. STATE of South Carolina et al., Respondents

(149 S. E. (2d) 598)

228

*James W. Alford, Esq.,* of Columbia, *for Appellant,* 

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

July 28, 1966.

LIONEL K. LEGGE, Acting Associate Justice.

At the December, 1953 term of the Court of General Sessions for Charleston County, George W. Dukes and Sidney C. Owen pleaded guilty to an indictment charging that on October 17, 1953, the said Dukes and Owens "in the common highway, to-wit: Number 533 Rutledge Avenue, Charleston, S. C., therein in and upon one C. D. Miller and E. C. Hesse in the peace of God and of the said State then and there being, feloniously and unlawfully did make an assault and there the said C. D. Miller and E. C. Hesse in

bodily fear and danger of their life in the highway aforesaid, then and there feloniously did put and with a Pistol did then and there threaten and in fear of their life, then and there feloniously did put and good and lawful money of the United States of America and certain drugs and narcotics of the value of Sixty-five ($65.00) Dollars of the proper goods and chattels of Parks Pharmacy, Inc. from the person and against the will of the said C. D. Miller and E. C. Hesse in the highway aforesaid, then and there feloniously and violently did steal, take and carry away against the form of the Statute in such case made and provided, and against the peace and dignity of the same State aforesaid." Thereupon they were each sentenced to imprisonment at hard labor for a period of twenty-five years.

On April 30, 1965, Dukes, then (and now) confined in the State Penitentiary, petitioned the Honorable John Grimball, Judge of the Fifth Judicial Circuit, for a writ of *habeas corpus,* contending that the indictment before mentioned had charged him with highway robbery; that the maximum sentence for that offense was ten years, which he had served, and that he was therefore entitled to immediate release.

Upon the hearing on the writ, Judge Grimball set the sentence aside and ordered the petitioner remanded to the Court of General Sessions for Charleston County for resentencing for either highway robbery or armed robbery, depending upon that court's interpretation of the indictment. Accordingly, appellant was on October 18, 1965, brought before the Honorable Clarence E. Singletary, presiding in that court, who construing the indictment as charging armed robbery, resentenced him on that date to a term of twenty-five years, the sentence to begin as of December 15, 1953, the date of the original sentence. Thereafter appellant filed another petition for a writ of *habeas corpus,* which was denied without hearing by the Honorable James Hugh McFaddin, presiding in the Fifth Judicial Circuit, Judge McFaddin holding, by his order dated January 24, 1966, that

its allegations were identical with those of the petition previously heard by Judge Grimball, and that the questions raised before Judge Grimball and Judge Singletary should be presented to this court by appeal from their orders.

This appeal is from Judge McFaddin's order of January 24, 1966, and Judge Singletary's order of October 18, 1965, upon the following exceptions:

"1. Because his Honor, Judge McFaddin, erred when he denied the petition, the error being that he should have held that the appellant had pled guilty to an indictment charging the offense of Highway Robbery and Larceny.

"2. Because his Honor, Judge Singletary, erred when he held that the appellant had pled guilty to an indictment charging the offense of Armed Robbery, the error being that he should have held that the appellant had pled guilty to an indictment charging the offense of highway Robbery and Larceny."

The single issue sought to be raised before us may be stated thus: Did the sentence of twenty-five years imposed by the trial judge in December, 1953, exceed the maximum provided by the laws of this State for the offense which the indictment charged?

Robbery is larceny from the person or immediate presence of another by violence or intimidation. A felony at common law, no special punishment for robbery, whether committed on the highway or elsewhere, is fixed by our statutes. It falls, therefore, under Section 17-552 * of the 1952 Code, which provides a maximum of ten years' imprisonment, with such imposition of hard labor and solitary confinement as the court may direct, for a felony for which no special punishment is provided. But where one commits robbery while armed with a pistol or other deadly weapon defined in Section 16-145, a special punishment is provided by Section 16-333, to wit: imprisonment at

---

* This and the other Code sections later referred to are numbered identically in both the 1952 and the 1962 Code.

hard labor for a term of not more than twenty-five years. And it is immaterial, so far as the punishment is concerned, whether the robbery committed by one so armed takes place on or near a highway or elsewhere.

Section 17-402 declares that an indictment is sufficient which, in addition to allegations as to time and place as required by law, charges the crime so plainly that the nature of the offense may be easily understood. Section 17-409 declares that "every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards."

The indictment here under consideration plainly charged that on October 17, 1953, at No. 533 Rutledge Avenue in the City of Charleston, the appellant and Owen committed robbery while armed with a pistol. This the appellant does not question; his petition for the writ, and this appeal, are grounded solely upon the contention that because the indictment was captioned "Indictment For Highway Robbery and Larceny" and on its face stated that the crime was committed "in the common highway", it charged highway robbery and not armed robbery.

Appellant's position is, in our opinion, untenable. In the first place it is premised upon the false assumption that armed robbery on a highway is not subject to the punishment prescribed by Section 16-333. In addition, whether the aforementioned reference to "highway", coupled with the plain charge that the appellant committed robbery while armed with a pistol, be considered surplusage, which in our view it was, or as rendering the indictment defective or ambiguous, such surplusage or defect or ambiguity was apparent on the face of the indictment and was therefore waived by appellant's failure to question it by demurrer or motion to quash. Code 1952, Section 17-409; *State v. Phillips,* 73 S. C. 236, 53 S. E. 370; *State v. Young,* 243 S.

C. 187, 133 S. E. (2d) 210. Cf. *State v. Mayfield,* 235 S. C. 11, 15, 109 S. E. (2d) 716, 719.

Affirmed.

LEWIS, Acting C. J., BUSSEY and BRAILSFORD, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.