19088

The STATE, Respondent, v. James KINLOCH, Jr., and Harvey Teel, Appellants.

(176 S. E. (2d) 171)

Messrs. *Bernard R. Fielding,* of Charleston, and *Matthew J. Perry,* of Columbia, *for Appellants,*

Messrs. *Robert B. Wallace, Solicitor,* and *A. Arthur Rosenblum, Assistant Solicitor,* of Charleston, *for Respondent,*

July 28, 1970.

Lewis, Justice.

Defendants, James Kinloch, Jr. and Harvey Teel, jointly indicted, were convicted in the County Court of Charleston County of the offense of robbery, from which they have prosecuted this appeal. The only issue properly preserved for review is whether the trial court erred in refusing to grant the timely motion of the defendants for a directed verdict of not guilty.

A review of the refusal of the motion for a directed verdict involves a determination of whether there was any evidence

to sustain the conviction. In doing so, the testimony and the reasonable inferences to be drawn therefrom must be considered in the light most favorable to the State.

Four persons (the defendants, William Shuler, Jr., and Anthony Banks) were arrested and charged with the robbery of one John Lipka who operated a taxi-cab in Charleston, South Carolina. Defendants were charged in one indictment. William Shuler, Jr., was separately indicted. He pled guilty and testified against the present defendants. Anthony Banks, the fourth person charged, was a minor and his case was handled by the juvenile court.

The State has succinctly summarized in its brief the testimony adduced in behalf of the prosecution, from which our narrative of the facts is largely taken. The testimony showed that, about 9:30 P. M., on April 29, 1967, the taxicab operated by Johnny Lipka became stuck in the sand on Waco Street in Charleston Heights, where he had driven to pick up a fare. Shortly thereafter, several young negro males, approximately five or six, including the defendants, came to the scene and offered their assistance in freeing the vehicle from the sand if Lipka would give them a dollar, to which he agreed. One of the group secured a hoe and defendant, Teel, obtained a shovel. Their efforts to free the cab with these tools however were unsuccessful. In the meantime, William Shuler, Jr., came to the scene. Shuler noticed that Lipka had some money in his shirt pocket and told the defendant, Kinloch. Kinloch then talked to Teel, following which Kinloch told Shuler: "Let's get the money." Following this statement by Kinloch, Shuler tried to snatch the money from Lipka's pocket, but failed, and a fight ensued between Shuler and Lipka. While the fight was going on, the others present, including the defendants, were standing in a circle, partially surrounding Lipka and Shuler. Lipka was unable to watch the others and defend himself from the blows from Shuler, so he turned and ran to the yard of a nearby house. As he did so, he was followed by Shuler and

the others in the group, one of whom had the shovel. The yard was fenced and Lipka stopped. He then turned and asked them if they wanted money to. which Shuler and some of the others replied: "Yes." Thereupon Lipka threw the money to the ground and, while attempting to run from the yard, received a stab wound in the side, inflicted by someone in the group other than Shuler. At that point, someone yelled, "Let's get out of here." Whereupon, the group ran back to a joint known as "Little Harlem," where they had been earlier in the evening.

"Robbery is larceny from the person or immediate presence of another by violence or intimidation." *Dukes v. State,* 248 S. C. 227, 149 S. E. (2d) 598. And all persons present, aiding, abetting, and concurring in the commission of a robbery are equally guilty.

The defendants admit that they were present throughout the difficulty and that they ran from the scene with Shuler after Lipka was stabbed. They deny, however, any participation in the robbery.

We think that the evidence sustains the conclusion, drawn by the jury, that the defendants were acting in concert with Shuler to accomplish the common purpose of robbing Lipka.

The preliminary discussion between Shuler and the defendants resulted in Kinloch telling him, "Let's get the money." It is inferable that the statement was an agreement to assist and prompted Shuler to then attempt to take the money from Lipka. In the ensuing encounter, defendants were a part of the group which circled Shuler and the victim and were a part of the group which menacingly pursued as their victim attempted to escape. The conclusion may be reasonably drawn that, in the light of their previous agreement, the fact that the defendants stayed in such close proximity gave assurance to Shuler of their readiness to lend assistance, if needed, and gave him encouragement to pursue the common purpose. The continued pursuit by

Shuler and the others, one with a drawn shovel, gave the victim a feeling of being surrounded which finally caused him to throw his money to the ground in order to stop the assault. When the money was thrown to the ground, Shuler picked it up. The victim while running away was stabbed in the side by someone in the group. All then ran, the common purpose having been accomplished.

The foregoing reasonable inferences from the testimony amply supported the refusal of the motion for a directed verdict and the submission of the issue as to the guilt of the defendants to the jury for determination.

Defendants have also argued an additional question which concerns the testimony of the witness, William Shuler, Jr., who testified for the State. While on the witness stand, he was permitted to refresh his memory by reading a statement previously made by him to the officers. It is contended that this was error. However, no objection was made to such use of the statement by the witness and, if there was error in this regard, the same was waived by the failure to make timely objection thereto.

All exceptions are overruled and the judgment of the lower court is affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.