529 S.E.2d 526

The STATE, Petitioner,

v.

Mikell PINCKNEY, Respondent.

No. 25054.

Supreme Court of South Carolina.

Heard Dec. 14, 1999.
Decided Jan. 24, 2000.
Refiled March 13, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for petitioner.

Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

## ORDER

The opinion heretofore filed in this case, Opinion No. 25054, filed January 24, 2000, is withdrawn and the attached opinion is substituted in its place. Respondent's petition for rehearing is denied.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.

MOORE, Justice:

Respondent was convicted of first degree burglary and sentenced to thirty years imprisonment. The Court of Appeals reversed. *State v. Pinckney*, 98–UP–495 (Ct.App. filed November 9, 1998). We granted the State a writ of certiorari to review the Court of Appeals' decision. We reverse and remand to the Court of Appeals.

## ISSUE

Did the Court of Appeals err in finding the trial judge erred in denying respondent a directed verdict?

## DISCUSSION

The Court of Appeals held the trial judge erred in denying respondent's motion for directed verdict on the ground there was no evidence respondent entered the house with the intent to commit a crime therein. The State contends this was error. We agree.

Respondent broke into the house of Mary Fleming. Fleming testified she heard noises outside her door at 6:30 a.m. The blinds and pictures on the wall began to shake. She heard glass shatter and she ran out the back door to a neighbor's house to call the police.

Officer Hamrick, the responding police officer, testified that upon arriving at Fleming's house, he heard yelling and shouting coming from the house. He testified that respondent shouted that he was going to kill him. Sgt. Rowe, another officer, joined him and they entered Fleming's house. They heard the sounds of objects being broken and they could smell a fuel-type substance. Respondent had barricaded himself in Fleming's bathroom. He claimed there were people chasing him. Rowe testified respondent threatened to kill himself and the officers. He testified respondent also threatened to "light the place up." After respondent was arrested and taken from the house, a lighter which did not belong to Fleming was found on the bathroom floor. Fleming testified that a glass oil lamp had been moved from a table. The State contends there was some evidence of arson, assault, malicious injury to property, and larceny.

In reviewing a refusal to grant a directed verdict, we must view the evidence in the light most favorable to the State and determine whether there is any direct or substantial circumstantial evidence that reasonably tends to prove the defendant's guilt or from which his guilt may be logically deduced. *State v. Prince*, 316 S.C. 57, 447 S.E.2d 177 (1993). On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight. *State v. Morgan*, 282 S.C. 409, 319 S.E.2d 335 (1984). If the State presents any evidence which reasonably tends to prove the defendant's guilt, or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury. *State v. Poindexter*, 314 S.C. 490, 431 S.E.2d 254 (1993).

First degree burglary requires evidence that the defendant *entered* a dwelling without consent and with intent to commit a crime in the dwelling. S.C.Code Ann. § 16–11–311 (Supp. 1998). In its opinion, the Court of Appeals held that the only evidence in the record of intent was that respondent entered the house to escape from people that he believed were after him. The Court of Appeals held "the State presented no evidence of [respondent's] intent, at the time he entered the dwelling, to commit a crime inside." The Court of Appeals hinged its analysis on the time when respondent entered the house. The State contends respondent's actions *after* he entered the house and had barricaded himself in the bathroom were evidence of his intent to commit a crime in the house.

In a burglary trial, the defendant's actions after he entered the house can be evidence used to determine if he had the intent to commit a crime at the time of entry. For example, if a defendant entered a house and committed criminal sexual conduct (CSC), the jury could find him guilty of burglary even though there may not have been any specific evidence that at the time he entered the house he intended to commit CSC. His actions after entering the house (i.e. the commission of the CSC) would be evidence of his reason for entering the house and would at least support the denial of a directed verdict motion. *See e.g. State v. Faircloth*, 297 N.C. 388, 255 S.E.2d 366 (1979) (citing *State v. Tippett*, 270 N.C. 588, 155 S.E.2d 269 (1967) ("The intent with which an accused broke and entered may be found by the jury from evidence as

to what he did within the house.")). Here, respondent's actions after he entered the house were some evidence of respondent's intent to commit a crime therein.

The trial judge did not err in refusing to direct a verdict as it was for the jury to decide if respondent had entered the house with the intent to commit a crime inside. Accordingly, the Court of Appeals' decision is reversed. As the Court of Appeals reversed Pinckney's convictions, it did not address his remaining issue whether the trial court erred in denying respondent's directed verdict motion on the ground of not guilty by reason of insanity. Accordingly, we remand to the Court of Appeals for consideration of this issue. *State v. Grovenstein*, 335 S.C. 347, 517 S.E.2d 216 (1999).

**REVERSED AND REMANDED.**

TOAL, WALLER, and BURNETT, JJ., concur.

FINNEY, C.J., dissenting in a separate opinion.

FINNEY, Chief Justice:

I respectfully dissent. In my opinion, the Court of Appeals properly focused on the evidence of respondent's intent at the time he entered the home, as that is what the burglary statute requires. There is simply no evidence in this record that respondent harbored any criminal intent at this critical juncture. I would affirm the decision of the Court of Appeals.