THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent.
 
 
 

v.

 
 
 
Jack Jenkins Rowland,       
Appellant.
 
 
 

 
 
 Appeal From York County
 Henry F. Floyd, Circuit Court Judge
 
 Unpublished Opinion No. 2003-UP-057
 Submitted November 4, 2002 B Filed January 17, 2003
 
 AFFIRMED
 
 
 
 
 
 Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney General John W. McIntosh and Assistant Attorney
 General Charles H. Richardson, all of Columbia; and 
 Solicitor Thomas E. Pope, of York, for respondent. 
 
 
 
 
 
 

 
 PER
 CURIAM:  Jack Jenkins Rowland appeals his 
 conviction for strong arm robbery, arguing the trial court erred in failing 
 to direct a verdict of not guilty.  We affirm.  
 FACTS/PROCEDURAL HISTORY
 In the early morning hours of October 20, 1999, Tina 
 Sulls was working at a Hot Spot convenience store in Bowling Green.  As Sulls 
 rose from dropping change in the store safe, she noticed a man outside pull 
 a bag over his head and duck behind an ice machine.  The man entered the store, 
 approached Sulls, and told her to give him all the money; she complied and 
 the unarmed robber left.  
 Sulls immediately recognized the robber as a regular 
 customer who sometimes came in two or three times a day, though she did not 
 know his name. Sulls phoned police and, upon their arrival, described the 
 man.  She said he had been in the store a couple of days before.  Afterward, 
 the store manager suggested they review old surveillance tapes to see if any 
 other employee recognized the robber.  In the presence of the police, they 
 viewed the tapes and a fellow employee was able to identify Rowland by name.  
 
 On March 23, 2000, a York County grand jury indicted 
 Rowland for strong arm robbery.  Rowland was tried by a jury April 12-13, 
 2000.  At the close of the evidence the court charged the jury on strong arm 
 robbery and petit larceny.  The jury convicted Rowland of robbery and the 
 trial court sentenced him to fifteen years, suspended on service of six plus 
 five years probation.  This appeal followed.  
 LAW/ANALYSIS
 Standard of Review

 
 In considering a motion for directed verdict in a criminal 
 case, all evidence is viewed in the light most favorable to the State.  State 
 v. Fennell, 340 S.C. 266, 531 S.E.2d 512 (2000).  The trial court is Aconcerned 
 with the existence or non-existence of evidence, not its weight.@  State 
 v. Pinckney, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).  If the State 
 presents direct or substantial circumstantial evidence reasonably tending 
 to prove guilt, or from which guilt can be logically deduced, this Court must 
 find the trial court properly denied the motion.  State v. Lollis, 
 343 S.C. 580, 541 S.E.2d 254 (2001).  On the other hand, even when viewed 
 in a light most favorable to the State, if the evidence presented does not 
 reasonably tend to prove guilt, the motion should be granted.  Id.
 Rowland contends the trial court erred in failing to 
 direct a verdict on the charge of strong arm robbery, claiming the State failed 
 to present evidence of an essential element of the crime.  We disagree.  
 "Strong arm robbery is defined as the >felonious 
 or unlawful taking of money, goods, or other personal property of any value 
 from the person of another or in his presence by violence or by putting 
 such person in fear."  State v. Gourdine, 322 S.C. 396, 398, 472 
 S.E.2d 241, 241 (1996) (emphasis added) (quoting State v. Drayton, 
 293 S.C. 417, 361 S.E.2d 329, 335 (1987)); see Dukes v. State, 
 248 S.C. 227, 232, 149 S.E.2d 598, 599 (1966) ("Robbery is larceny from the 
 person or immediate presence of another by violence or intimidation.") 
 (emphasis added); State v. Brown, 274 S.C. 48, 49, 260 S.E.2d 719, 
 720 (1979) ("The common‑law offense of robbery is essentially the commission 
 of larceny with force."); Young v. State, 259 S.C. 383, 386, 192 S.E.2d 
 212, 214 (1972) ("[Robbery] is basically larceny compounded or aggravated 
 by force used in the taking of property from the person or in the presence 
 of another."), overruled in part on other grounds by State v. Parker, 
 Op. No. 25538 (S.C. Sup. Ct. filed Oct. 14, 2002) (Shearouse Adv. Sh. No. 
 34).
 Although Sulls testified she first thought the robbery 
 was a joke, she later stated twice that she was scared.  According to Sulls, 
 Rowland, after donning a bag to obscure his face, entered the store and her
 "to give him all the money, in a low, raspy voice . . . ."  When asked how 
 that made her feel, Sulls responded:  "It scared me."  Then, the following 
 exchange occurred on re-direct:  

 
 Q: What were your emotions when he was asking you that, 
 telling you to give him the money?

 
 A: I was scared to death.  I was shaking.  It
 hadn't 
 happened to me before then.
 

 
 In a recent case, this Court discussed the force element 
 of robbery:  

 
 
 Generally the element of force in the offense of robbery 
 may be actual or constructive.  Actual force implies physical violence.  Under 
 constructive force are included "all demonstrations 
 of force, menaces, and other means by which the person robbed is put in fear 
 sufficient to suspend the free exercise of his will or prevent resistance 
 to the taking . . . .  No matter how slight the cause creating the fear may 
 be or by what other circumstances the taking may be accomplished, 
 if the transaction is attended with such circumstances of terror, such as 
 threatening by word or gesture, as in common experience are likely to create 
 an apprehension of danger and induce a man to part with his property for the 
 sake of his person, the victim is put in fear."  
 

 
 State v. Rosemond, 348 S.C. 621, 629, 560 S.E.2d 
 636, 641 (Ct. App. 2002) (citations omitted).  
 We agree with the trial court that the State presented 
 evidence sufficient to send the case to the jury.  Sulls testimony that the 
 incident occurred late at night, that Rowland obscured his face and demanded 
 all the store's money, that she was "scared to death" and
 "shaking," and that 
 she gave Rowland the money because she "didn't want to be hurt," was evidence 
 of constructive force and intimidation tending to show Sulls was put in such 
 fear as to suspend the free exercise of her will and prevent resistance to 
 the taking.  
 AFFIRMED. 
 GOOLSBY, HUFF, and SHULER,
 JJ., concur.