THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Tony Stevenson
 Johnson, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Marion County
Edward B. Cottingham, Circuit Court Judge
Paul M. Burch, Post-Conviction Relief
Judge

Memorandum Opinion No.  2008-MO-050
 Submitted October 22, 2008  Filed
December 8, 2008  

DISMISSED

 
 
 
 Appellate
 Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense,
 Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M.
 Thames, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Following
 a post-conviction relief hearing, this
 Court granted Tony Stevenson Johnsons petition for a writ of certiorari and
 granted a belated direct appeal pursuant to White v. State, 263 S.C.
 110, 208 S.E.2d 35 (1974).  Specifically, this Court instructed Johnson to
 brief whether the trial court erred in denying his directed verdict motion on
 the charges of murder and armed robbery.  Johnsons counsel addressed this
 issue and attached a petition to be relieved pursuant to Anders v.
 California, 386 U.S. 738 (1967).  Johnson also filed a pro se brief.
In sum, James
 Dozier, III, the victim, was driving to meet friends to go hunting early one
 morning.  Dozier stopped at a convenience store where Johnson approached Dozier
 and asked for a ride.  After driving Johnson to a neighborhood, Dozier was
 fatally shot by Johnson using one of Doziers hunting rifles.  At trial,
 Johnson argued the shooting was accidental.  The State presented evidence
 indicating Dozier was well-trained in gun safety and an avid hunter. 
 Additionally, in statements made to the police, Johnson admitted to shooting
 Dozier, though he claimed the shooting was accidental.  Following the shooting,
 Johnson took Doziers wallet, moved Doziers body, and took Doziers truck. 
 The jury was charged on murder, involuntary manslaughter, accident, armed
 robbery, and possession of a weapon during the commission of a crime.  Based on
 the record before us, a jury question was presented.
We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State
 v. Harris, 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002) (If there is any
 direct evidence or any substantial circumstantial evidence reasonably tending
 to prove the guilt of the accused, an appellate court must find that the case
 was properly submitted to the jury.); State v. Pinckney, 339 S.C. 346,
 349, 529 S.E.2d 526, 527 (2000) (In reviewing a refusal to grant a directed
 verdict, we must view the evidence in the light most favorable to the State and
 determine whether there is any direct or substantial circumstantial evidence that
 reasonably tends to prove the defendants guilt or from which his guilt may be
 logically deduced.).
After
 a thorough review of the record and briefs pursuant to Anders v. California,
 386 U.S. 738 (1967), we dismiss the appeal and grant the petition to be
 relieved as counsel.
DISMISSED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.