THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
 THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 State of South Carolina, Respondent,
 v.
 Douglas McKown, Appellant.
 
 
 

Appeal from York County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2010-UP-352
 Heard April 15, 2010 - Filed July 7,
2010

AFFIRMED

 
 
 
 Jack
 B. Swerling, of Columbia, and Katherine Carruth Goode, of Winnsboro, for
 Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant
 Attorney General Norman Mark Rapoport, Assistant Attorney General Mark R. Farthing and all of Columbia, for Respondent. 
 
 
 

PER
 CURIAM:  Douglas McKown appeals his conviction and sentence for unlawful possession of
 a prescription drug, arguing the trial court erred in denying his motion to
 suppress and admitting certain evidence at the suppression hearing.  McKown also
 challenges the admission of expert testimony concerning the nature of the
 prescription drug and the trial court's denial of a directed verdict on the prescription
 drug charge.  We affirm.
FACTS/PROCEDURAL HISTORY
The
 circumstances surrounding this case stem from evidence seized from McKown's
 home pursuant to the execution of a search warrant.  In furtherance of the
 search warrant, police submitted an affidavit outlining various reports of drug
 activity involving McKown and his former girlfriend, Erin Jenkins.  The warrant
 affidavit also included details of a controlled buy of illegal drugs set up by
 police with Jenkins approximately seventy-two hours before the issuance of the
 warrant.  
Based on the
 information in the affidavit, the magistrate issued the search warrant for
 McKown's home on May 6, 2006.  When the warrant was executed on May 12,
 2006, Jenkins answered the door.  During the search, police found cocaine in
 several locations within the home, including a bedroom containing both men's
 and women's clothing.  Police also seized one-half of a pill alleged to be
 Viagra.  McKown was not inside the home when the warrant was executed.  
On
 July 20, 2006, McKown was indicted on charges of conspiracy, unlawful
 possession of a controlled substance, distribution of a controlled substance,
 and unlawful possession of a prescription drug.  Prior to trial, defense
 counsel moved to suppress the evidence seized in the search, arguing the
 warrant was not supported by probable cause.  Defense counsel also maintained
 the affidavit contained false and misleading information concerning where
 Jenkins was living at the time of the controlled buy.  Specifically, counsel
 alleged that Jenkins had moved out of McKown's residence and that the affiant knowingly
 failed to disclose this information to the magistrate.  
Following
 argument on the motion, the State sought to call Jenkins as an additional
 witness to address McKown's claim of misrepresentation in the affidavit. 
 Defense counsel objected, arguing the State could not call another witness
 after the parties rested their evidence and the witness could not supplement
 the information contained in the affidavit.  The trial judge allowed Jenkins to
 testify over defense counsel's objection.  Her testimony revealed that at the
 time of the controlled buy, she had signed a lease on another residence and had
 moved out of McKown's home; however, she testified she still came back to
 McKown's home and stayed with him three or four nights per week.  Specifically,
 when asked to estimate the amount of time she had spent between McKown's
 residence and the other residence, Jenkins stated "I would say
 fifty/fifty."  Following closing arguments, the trial judge denied the
 motion to suppress and allowed the State to introduce the evidence seized in
 the search.   
At
 trial, the State elicited testimony from Officer Marvin Brown, the affiant and
 supervisor on the night of the controlled buy.  Officer Brown testified that
 cocaine and one-half of a Viagra pill was found in McKown's home.  Cynthia
 Mitchum, a chemist in the drug analysis department of the York County Sheriff's
 Department, testified she analyzed the substances seized in the search that
 were alleged to be cocaine.  She did not, however, conduct a chemical analysis
 of the pill alleged to be Viagra.  Her identification of the substance alleged
 to be Viagra was based on a comparison of the pill to a tablet in a controlled
 substance book referred to as the PDR, or the Physicians' Desk Reference.[1]  Defense
 witnesses Kevin Bolin, William Bolin, Neal Mitchell, and Michael Howe each
 testified that McKown purchased Viagra during a recent trip to Costa Rica.
Defense
 counsel moved for a directed verdict on the unlawful possession of a
 prescription drug charge on the basis that no foundation had been laid and no
 chemical analysis had been conducted.  The trial judge denied the motion, and
 the jury returned a guilty verdict on the charge.  McKown was acquitted on the
 remaining charges and sentenced to one year in prison, suspended upon the
 service of one year of probation.  This appeal followed.
STANDARD OF REVIEW
"In
 criminal cases, the appellate court sits to review errors of law only."  State
 v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  This
 Court is bound by the trial court's factual findings unless the findings are
 clearly erroneous.  Id.  A trial court's ruling on the admission or
 exclusion of evidence will not be disturbed on appeal absent an abuse of
 discretion.  State v. Douglas, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48
 (2006).  Searches based on warrants will be given judicial deference to the
 extent that an otherwise marginal search may be justified if it meets a
 realistic standard of probable cause.  State v. Bennett, 256 S.C. 234,
 241, 182 S.E.2d 291, 294 (1971).  
ANALYSIS
On
 appeal, McKown maintains the trial court committed reversible error in: (1)
 denying his motion to suppress the evidence seized from his residence; (2)
 admitting additional evidence at the suppression hearing; (3) admitting expert
 testimony concerning the nature of the prescription drug; and (4) denying his
 motion for a directed verdict on the prescription drug charge.  We affirm. 
1. As
 to whether the trial court erred in denying the motion to suppress:  We
 conclude the search warrant affidavit provided the magistrate with a sufficient
 basis for finding probable cause to issue the search warrant.  Specifically, the
 details in the affidavit pertaining to the events taking place seventy-two
 hours prior to the issuance of the warrant, namely the circumstances of the
 controlled buy, presented a fair probability that drugs and other contraband
 would be found at the residence.  See State v. Dupree, 354 S.C.
 676, 691, 583 S.E.2d 437, 445 (Ct. App. 2003) (noting that a controlled buy, if
 properly conducted, can alone provide facts sufficient to establish probable
 cause for a search warrant); United States v. Grossman, 400 F.3d 212,
 217 (4th Cir. 2005) ("[A] sufficient nexus can exist between a defendant's
 criminal conduct and his residence even when the affidavit supporting the
 warrant contains no factual assertions directly linking the items sought to the
 defendant's residence.") (internal quotations omitted); United States
 v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988) ("[T]he nexus between
 the place to be searched and the items to be seized may be established by the
 nature of the item and the normal inferences of where one would likely keep
 such evidence.").  Furthermore, the information in the affidavit concerning
 various reports of drug activity involving McKown and Jenkins formed the basis
 of an ongoing police investigation which, when coupled with the information
 pertaining to the last seventy-two hours of that investigation, established a
 probable continuing course of drug activity.  See State v. Thompson,
 363 S.C. 192, 207, 609 S.E.2d 556, 564 (Ct. App. 2005) (noting that in cases
 involving alleged drug conspiracies, courts have relaxed the requirements of
 staleness due to the continuous nature of such activity); Dupree, 354
 S.C. at 690, 583 S.E.2d at 444 ("Where the affidavit is based in part on
 information provided by an informant of unknown reliability, police
 corroboration of details provided in the tip may establish probable
 cause.").  Accordingly, the trial court did not err in denying the motion
 to suppress, and the evidence seized as a result of the search was properly
 admitted at trial.[2]  See State v. Dunbar, 361 S.C. 240, 246, 603 S.E.2d 615, 618-19
 (Ct. App. 2004) ("A reviewing court should give substantial deference to a
 magistrate's determination of probable cause.").
2. As to whether
 the trial court erred in admitting additional evidence at the suppression
 hearing:  At
 the in camera hearing on the motion to suppress, the State was permitted, over
 defense counsel's objection, to reopen the matter and call Jenkins as a witness
 to testify as to whether she was living at McKown's residence at the time the
 warrant was issued.  We
 find no abuse of discretion in the trial judge's decision to allow the State to
 present the testimony as a means of refuting defense counsel's argument
 concerning the falsity of the affiant's statement.  Such evidence is pertinent
 to a Franks review.  See State v. Humphery, 276 S.C. 42,
 43, 274 S.E.2d 918, 918 (1981) (stating a motion to reopen the evidentiary
 record and to allow additional evidence is addressed to the sound discretion of
 the trial judge).  
3. As
 to whether the trial court erred in admitting expert testimony concerning the
 nature of the pill:  We find no prejudice.  While we question whether counsel should
 have objected at the moment the expert testified the pill was Viagra, rather
 than when the State moved to actually introduce the pill into evidence, we
 proceed to analyze this issue in an abundance of caution as the sequence of
 events occurred so closely together.[3]  Assuming,
 arguendo, that the admission of the expert's testimony was error, we find no
 prejudice given prior testimony in the record identifying the pill as Viagra.  Specifically,
 during direct examination of the State's first witness, Officer Brown testified
 without objection that he found one-half of a Viagra pill in the residence.  Because there
 was no contemporaneous objection to this testimony identifying the
 pill as Viagra,
 any alleged error in the admission of the expert's testimony concerning the identity
 of the pill was harmless.  See State v. Schumpert,
 312 S.C. 502, 507, 435 S.E.2d 859, 863 (1993) (finding any error in admission
 of evidence cumulative to other unobjected-to evidence is harmless); State
 v. Blackburn, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) (recognizing
 admission of improper evidence is harmless where the evidence is merely
 cumulative to other evidence).  Moreover, while not dispositive of our
 resolution of this issue, we find our harmless error analysis bolstered by
 counsel's statement at oral argument that, as part of his trial strategy, he suggested
 to the jury in closing argument that if it were inclined to find the defendant
 guilty, then it should find him guilty of possession of Viagra.[4]  
4. Finally, as
 to whether
 the trial court erred in denying McKown's request for a directed verdict on the
 unlawful possession of a prescription drug charge:  There is no indication in
 the record that the motion was renewed at the close of all evidence; thus, this
 issue is not preserved for appellate review.  See State v.
 Bailey, 368 S.C. 39, 43 n.4, 626 S.E.2d 898, 900 n.4 (Ct. App. 2006)
 ("If a defendant presents evidence after the denial of his directed
 verdict motion at the close of the State's case, he must make another directed
 verdict motion at the close of all evidence in order to appeal the sufficiency
 of the evidence.").  Counsel
 acknowledged at oral argument that the record does not reveal he renewed the
 directed verdict motion.  While we note counsel's assertion of his longstanding
 practice to renew a directed verdict motion at the appropriate time, our review
 of the matter is nonetheless confined to the record on appeal which offers no
 indication the motion was renewed at the close of all evidence.  Notwithstanding,
 as indicated, Officer Brown's testimony, without objection, identified the pill
 as Viagra.  Moreover, four defense witnesses indicated McKown purchased Viagra
 on a recent trip.  Consequently, the issue was properly submitted to the jury.  See State v. Pinckney, 339 S.C. 346, 349, 529 S.E.2d 526, 527
 (2000) ("If the State presents any evidence which reasonably tends to
 prove the defendant's guilt, or from which the defendant's guilt could be
 fairly and logically deduced, the case must go to the jury."); United
 States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976) ([L]ay testimony and
 circumstantial evidence may be sufficient, without the introduction of an
 expert chemical analysis, to establish the [identity] of the substance involved
 in an alleged narcotics transaction.); see also United States v.
 Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) (noting that federal courts do
 not require scientific certainty in determining the chemical composition of an
 alleged controlled substance).
AFFIRMED.
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.
 

[1] Defense counsel
 stipulated that McKown did not have a prescription for Viagra.
[2] McKown also
 maintains that the affiant knew Jenkins had moved out of McKown's home at the
 time the warrant was issued and that the affiant knowingly provided false and
 misleading information concerning where she was living.  Consequently, McKown
 requests that the alleged misleading information be disregarded in considering
 the sufficiency of the affidavit to establish probable cause.  See Franks
 v. Delaware, 438 U.S. 154, 171-72 (1978) (stating a warrant may be rendered
 void where omissions are both material to the probable cause determination and
 evidence is presented that the affiant deliberately misled the magistrate).  We
 do not find a Franks violation here.  See Grossman, 400
 F.3d at 218 (noting the mere fact the defendant splits his time among several
 different homes does not invalidate the search); United States v. Williams,
 974 F.2d 480, 482 (4th Cir. 1992) (finding sufficient nexus to search motel
 room despite the short duration of defendant's stay).  Had the affidavit
 included the fact Jenkins had signed a lease on another apartment and only
 lived at McKown's home four days per week, the basis for probable cause would
 not be diluted.  See State v. Missouri, 337 S.C. 548, 554, 524
 S.E.2d 394, 397 (1999) ("There will be no Franks violation if the
 affidavit . . . still contains sufficient information to establish probable
 cause.").
[3] In his brief on
 appeal, McKown only challenges the admission of the testimony and not the
 admission of the pill itself; thus, any argument concerning the admission of
 the pill is arguably abandoned on appeal.  See Rule
 208(b)(1)(D), SCACR (an issue not argued in the brief is deemed abandoned on
 appeal); State v. Woods, 382 S.C. 153, 161, 676 S.E.2d 128, 132 (2009)
 (holding appellant's failure to challenge the trial judge's finding renders
 that ruling the law of the case).  Nonetheless, we find a separate basis
 exists for admission of the pill due to Officer Brown's prior testimony,
 without objection, that he found one-half of a Viagra pill in McKown's home. 
[4] After the verdict
 was rendered, the record reflects counsel moved for a new trial, and noted
 "basically we conceded guilt on the charge."  While we note this
 statement made after the jury's verdict might not be appropriately considered
 as to the validity of the verdict, we do note it corroborates the message
 counsel conveyed to the jury in closing argument as part of his trial strategy.