**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Travis Hair, Appellant.

Appellate Case No. 2014-000260

---

Appeal From Hampton County
Brooks P. Goldsmith, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-565
Heard October 1, 2015 – Filed December 23, 2015

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General  Megan Harrigan Jameson, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("In

reviewing a refusal to grant a directed verdict, we must view the evidence in the light most favorable to the State and determine whether there is any direct or substantial circumstantial evidence that reasonably tends to prove the defendant's guilt or from which his guilt may be logically deduced."); *id.* ("On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight."); *State v. Poindexter*, 314 S.C. 490, 493, 431 S.E.2d 254, 255-56 (1993) ("Where there is any evidence tending to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced, the refusal to direct a verdict . . . is not error."); *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 526 (Ct. App. 2012) ("A person is guilty of first-degree burglary if he 'enters a dwelling without consent and with intent to commit a crime in the dwelling' and either enters or remains in the dwelling during the nighttime." (quoting S.C. Code Ann. § 16-11-311(A) (2003))); *id.* ("Although the intent to commit a crime must exist at the time the accused enters the dwelling, the jury may base its determination of that intent upon evidence of the accused's actions once inside the dwelling."); *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971) ("The question of the intent with which an act is done is one of fact and is ordinarily for jury determination except in extreme cases where there is no evidence thereon."); *State v. Haney*, 257 S.C. 89, 92, 184 S.E.2d 344, 345 (1971) ("[T]he unexplained breaking and entry in the night is itself evidence of intent to commit larceny . . . .").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.