**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Courtney Ray Mitchell, Appellant.

Appellate Case No. 2015-000517

―――――――――――――――

Appeal From Greenville County
R. Keith Kelly, Circuit Court Judge

―――――――――――――――

Unpublished Opinion No. 2018-UP-147
Submitted February 1, 2018 – Filed April 11, 2018

―――――――――――――――

**AFFIRMED**

―――――――――――――――

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

―――――――――――――――

**PER CURIAM:** Courtney Ray Mitchell appeals his conviction for intimidation of a witness, arguing the circuit court erred in (1) declining to find the State failed to prove the elements of witness intimidation beyond a reasonable doubt, (2) failing

to declare unconstitutional his arrest on the underlying charge from which his indictment for witness intimidation arose, (3) failing to hold the charge of witness intimidation was the fruit of the poisonous tree, (4) depriving him of his right to due process, and (5) denying him a speedy trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("If the State presents any evidence which reasonably tends to prove the defendant's guilt, or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury.").

As to Issues 2, 3, and 5: *State v. Dunbar*, 356 S.C.138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

As to Issue 4: *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 693 ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); Rule 5(a)(1)(C), SCRCrimP (allowing a defendant access only to materials in the State's possession, custody, or control); *State v. Kennerly*, 331 S.C. 442, 452, 503 S.E.2d 214, 220 (Ct. App. 1998) (stating the prosecution is constitutionally required to disclose evidence "in its possession" that is favorable to the defendant and "material to guilt or punishment").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.