**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tony Avella Sanders, Appellant.

Appellate Case No. 2023-001066

---

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-254
Submitted April 1, 2026 – Filed May 27, 2026

---

**AFFIRMED**

---

Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor David R. Wagner, of Anderson,
all for Respondent.

---

**PER CURIAM:** Tony Avella Sanders appeals his convictions for third-degree burglary and petit larceny. On appeal, Sanders argues the trial court erred in (1) denying his motion for a directed verdict as to both charges because the State

failed to present any evidence that he acted with criminal intent and (2) giving a jury instruction about his "alleged" statement because he did not give a statement. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not err in denying Sanders's motion for a directed verdict because the State presented substantial circumstantial evidence of Sanders's guilt.  *See State v. Buckmon*, 347 S.C. 316, 321, 555 S.E.2d 402, 404 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Pinckney*, 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000) ("In reviewing a refusal to grant a directed verdict, [an appellate court] must view the evidence in the light most favorable to the State and determine whether there is any direct or substantial circumstantial evidence that reasonably tends to prove the defendant's guilt or from which his guilt may be logically deduced."); S.C. Code Ann. § 16-11-313(A) (2015) ("A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein."); S.C. Code Ann. § 16-13-30(A) (2015) ("Simple larceny of any article of goods, choses in action, bank bills, bills receivable, chattels, or other article of personalty of which by law larceny may be committed, or of any fixture, part, or product of the soil severed from the soil by an unlawful act, or has a value of two thousand dollars or less, is petit larceny. . . .").

2.  We hold the trial court did not abuse its discretion by including a jury instruction on what consideration to give Sanders's statement because there was some evidence that Sanders made a statement.  *See State v. Perry*, 440 S.C. 396, 403, 892 S.E.2d 273, 276 (2023) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) ("The law to be charged must be determined from the evidence presented at trial."); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) ("In reviewing jury charges for error, [an appellant court] must consider the court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003))).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.